GARY M. RESTAINO
United States Attorney
District of Arizona
GORDON E. DAVENPORT III
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Gordon.davenport.iii@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | 4:23-cr-00204-SHR-1 |
|---|---|
| Plaintiff, | STATEMENT OF POSITION Re: SENTENCING |
| vs. | |
| Heather Alissa Neff, | |
| Defendant. | |

Plaintiff, United States of America, by and through its attorney undersigned, intends to argue the following matters at sentencing:

(1) The government has no objections to the presentence report.

(2) The probation officer has calculated the defendant's guidelines at 18 to 24 months. The recommendation is for 18 months. The parties have agreed to a plea agreement allows for maximum discretion from the court. This is largely based on the defendant's confession when confronted by agents and acceptance of responsibility.

(3) Ultimately, this case is an example of a public official entering into an inherently compromising relationship and reflects an abdication of her duties and responsibilities. Worse still, her affirmative conduct was also unlawful

and dramatically undermined the goals of the organization that employed her. This is a serious offense and reflects a significant breach of trust between the government and the person hired to act on its behalf; a significant sanction is appropriate. In addition to the information provided in the PSR report, the government anticipates also emphasizing these two points at sentencing.

(4)  The defendant's own "insouciant" approach[1] to supervision supports the view that the defendant lacks respect for the Court and that non-custodial means of addressing the defendant's conduct will likely be ineffective. Additionally, the Court would be justified in viewing the defendant's failure to comply on pre-trial as a cousin of the blatant disregard she showed toward the rules that she was obligated to respect when she was employed as an employee of BOP. A failure to show growth and change post-charging is concerning and should raise questions of whether a longer custodial sentence is needed.

(5)  The government would also like to emphasize one aggravating detail of her conduct. Specifically, the information contained in PSR ¶ 11. While the government investigation was not able to establish the link between the information disclosed and the harm suffered by others sufficiently to justify charging separately, it is because those links are so difficult to prove that a Corrections Officers failing to maintain the integrity of the information stored in the BOP systems should be taken seriously. Consider the impact that a case like this has on a prisoner who has witnesses a crime and may consider cooperating with the government. Isn't a prison guard who blithely

---

[1] See PSR ¶¶ 4 and 5.

provided confidential information to a prisoner she was sleeping with a cautionary tale that encourages silence? The antidote to that tale is a serious sentence that also considers the defendant's failure to maintain the confidence entrusted to her as a separate and important consideration.

Respectfully submitted this 5th day of February 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Gordon E. Davenport III*

GORDON E. DAVENPORT III
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 5th day of February 2024, to:

Elias Damianakos, Esq.